IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAIPO KEOLA MCGUIRE,<br><br>Defendant. | Case No. 23-cr-00054-DKW-1<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO SEVER COUNTS 1 AND 2 OF THE INDICTMENT** |

Defendant Kaipo Keola McGuire moves to sever Counts 1 and 2 of the Indictment, which charge him with attempted possession with the intent to distribute and distribution of methamphetamine on two different dates in 2022, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A). Dkt. No. 36. McGuire argues that Counts 1 and 2 are "distinct" acts with no overlapping evidence and, if they are tried together, would create "prejudice" akin to propensity evidence. The government opposes severance, arguing that Counts 1 and 2 are "similar" in character and trying the counts together would not be "manifestly" prejudicial because evidence of each count would be admissible in the trial of the other.

Having considered the parties' briefs, the record generally, and applicable law, the Court DENIES WITHOUT PREJUDICE the motion for the following reasons. First, the Court finds that, under Federal Rule of Criminal Procedure 8(a),

Counts 1 and 2 have been properly joined in the Indictment as being of the "same or similar character" given that they involve, *inter alia*, the same drug, the same distribution location, and a similar time frame. Second, as both parties acknowledge, when counts, as here, are properly joined, they may still be severed under Federal Rule of Criminal Procedure 14(a) if joinder is "manifestly prejudicial." Here, the parties' arguments in that respect revolve around whether evidence of one count would constitute "propensity" evidence or, instead, evidence relevant to McGuire's knowledge and/or intent. At this pretrial juncture, though, it is not possible for the Court to determine which side has the better of the argument. Therefore, because it is McGuire's burden to show "manifest prejudice", the motion to sever, Dkt. No. 36, is DENIED, but WITHOUT PREJUDICE to renewal closer to or during trial.

## RELEVANT PROCEDURAL BACKGROUND

On July 20, 2023, McGuire was indicted on two drug counts. Dkt. No. 1. In Count 1, the grand jury charged McGuire with attempting to possess with the intent to distribute 50 grams or more of methamphetamine on August 9, 2022, in violation of Sections 841(a)(1) and (b)(1)(A) ("Count 1"). In Count 2, the grand jury charged McGuire with distributing 50 grams or more of methamphetamine on November 1, 2022, in violation of Sections 841(a)(1) and (b)(1)(A) ("Count 2").

On October 29, 2024, McGuire filed the instant motion to sever. Dkt. No. 36. The government opposes severance. Dkt. No. 38. McGuire has filed a reply. Dkt. No. 39. This Order now follows.

## LEGAL STANDARDS

### Rule 8(a)

Under Rule 8(a), joinder "is the rule, severance the exception." *United States v. Free*, 841 F.2d 321, 324 n.1 (9th Cir. 1988). In pertinent part, Rule 8(a) provides that an indictment may charge a defendant with two or more offenses if the charged offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Here, the government relies upon the charged offenses being of the "same or similar character" to support joinder. Dkt. No. 38 at 8-9.

In determining whether counts are of the "same or similar character," the Ninth Circuit has explained that courts should "consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims…." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). "The weight given to a particular factor will depend on the specific context of the case and the allegations of the indictment." *Id*. "In determining whether joinder is proper, the district court should examine only those

3

allegations in the indictment." *United States v. Rousseau*, 257 F.3d 925, 931 (9th Cir. 2001).

**Rule 14(a)**

Rule 14(a) permits a court to order separate trials of counts if joinder "appears to prejudice a defendant or the government…." Fed.R.Crim.P. 14(a). A district court has "wide discretion" in ruling on a severance motion. *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1209 (9th Cir. 1991). "The party seeking reversal of a decision denying severance has the burden of proving clear, manifest, or undue prejudice from the joint trial, that violates one of his substantive rights, so that the prejudice is of such magnitude that the defendant was denied a fair trial." *Id.* (quotations omitted).

## **DISCUSSION**

In the motion to sever, McGuire argues that Counts 1 and 2 were improperly joined under Rule 8(a) and, if properly joined, a single trial would be manifestly prejudicial under Rule 14(a). In his reply, though, McGuire "focuses" entirely upon the Rule 14(a) argument, failing to address any of the government's arguments regarding why joinder was proper under Rule 8(a). *See* Dkt. No. 39 at 2. While the Court could consider the foregoing an abandonment of McGuire's Rule 8(a) argument, for completeness of the record, it is addressed below, followed by an analysis of Rule 14(a).

**I.     Rule 8(a)**

In the motion to sever, McGuire argues that Counts 1 and 2, while involving the same statute and the same elements, should not be joined because they involve a "different" time frame and location, and there will be no "overlap" of evidence. Dkt. No. 36 at 5. In contrast, the government argues that the counts are similar because they are brought under the same statute, involve the same drug, were "closely" related in time, and took place in the District of Hawai'i. Dkt. No. 38 at 8.

The Court agrees with the government. On the face of the Indictment, Counts 1 and 2 are more than sufficiently similar for purposes of joinder under Rule 8(a). Both counts cite violations of Sections 841(a)(1) and (b)(1)(A), both counts have the same or similar elements, and both counts involve 50 grams or more of methamphetamine. Moreover, while McGuire suggests that the counts involve "different" time frames and locations, the Court disagrees. While the time frames and locations may not exactly match, they are more than sufficiently similar, given that both offenses allegedly took place in the District of Hawai'i and within three months of each other. *Cf. United States v. Drummondo-Farias*, 622 F. App'x 616, 617 (9th Cir. Aug. 5, 2015) (finding counts of conspiracy to distribute and distribution of methamphetamine to be properly joined where they occurred in the District of Hawai'i and within *fourteen months* of each other). Therefore, the Court finds this to be a prime example of appropriate joinder under Rule 8(a).

## II.    Rule 14(a)

In the motion to sever, McGuire argues that joinder of Counts 1 and 2 creates prejudice because a jury may use evidence of one of the counts to infer his disposition or character to commit the other, which, McGuire argues, is impermissible under Federal Rule of Evidence 404(b)'s prohibition on "propensity" evidence.  Dkt. No. 36 at 7-10.  The government counters that evidence of each alleged offense is admissible in the trial of the other, and thus joinder is not manifestly prejudicial, because the evidence of the earlier-in-time Count 1 goes to McGuire's alleged knowledge of methamphetamine and/or intent to distribute the drug, both of which the government argues are permissible under Rule 404(b).  Dkt. No. 38 at 11-12.  In reply, McGuire argues that none of the grounds for admission under Rule 404(b), such as intent, are at issue.  Dkt. No. 39 at 4.

The Rule 404(b) analysis, along with the accompanying Federal Rule of Evidence 403 analysis, are "case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues."  *United States v. Ubaldo*, 859 F.3d 690, 705 (9th Cir. 2017); *see also United States v. Charley*, 1 F.4th 637, 653 (9th Cir. 2021) (Bumatay, J., concurring) ("Rule 404(b) requires a case-by-case assessment of materiality, similarity, sufficiency of proof, and remoteness."). Here, although the parties provide in their briefs *some* additional detail regarding the facts underlying Counts 1 and 2, at this pretrial juncture, it is not possible for the

Court to assess, as the government contends, that evidence of the counts goes to McGuire's knowledge and/or intent, *see United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005), or, as McGuire contends, that evidence of the counts serves no purpose other than to prove his purported criminal propensity, *see United States v. Lewis*, 787 F.2d 1318, 1322-23 (9th Cir. 1986). It is also not possible at this time for the Court to assess, if the evidence is admissible under Rule 404(b), the prejudice of admission, if any, under Rule 403.

Therefore, because it is McGuire's burden to show entitlement to severance under Rule 14(a), his motion to sever is DENIED. Because the present uncertainty over the issues discussed herein may become clearer closer to or during trial, the DENIAL is WITHOUT PREJUDICE to renewal.

## CONCLUSION

For the foregoing reasons, the motion to sever, Dkt. No. 36, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: December 10, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. McGuire,* Case No. 23-cr-00054-DKW-1; **ORDER DENYING WITHOUT PREJUDICE MOTION TO SEVER COUNTS 1 AND 2 OF THE INDICTMENT**