IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAIPO KEOLA MCGUIRE,<br><br>Defendant. | Case No. 23-cr-00054-DKW<br><br>**ORDER DENYING DEFENDANT KAIPO KEOLA MCGUIRE'S MOTION TO SUPPRESS DUE TO PROLONGED SEIZURE OF ITEM (CELL PHONE)** |

Defendant Kaipo Keola McGuire moves to suppress the fruits of the seizure of his cell phone ("motion"). Dkt. No. 46. McGuire's theory of suppression is that, in taking two days to apply for a search warrant of his phone, the government "prolonged" the seizure of the item beyond that which the Fourth Amendment's reasonableness standard can tolerate. The Court disagrees. Apart from citing no case law to support the proposition that a two-day delay is unconstitutionally unreasonable, there is nothing unreasonable under the circumstances presented. Among other things, McGuire rightly does not dispute that probable cause existed to seize his phone or that the relevant law enforcement officer, Postal Inspector Brian Hess, needed to take the phone back to his place of work after seizing it, draft a search warrant affidavit, and wait for edits and approval of the same from supervisors, while working on at least one other case, before presenting his work to

the assigned Magistrate Judge for consideration. Taking roughly forty-eight hours to do so comes nowhere close to a violation of constitutional dimension. The motion, Dkt. No. 46, is DENIED.

## LEGAL STANDARD

McGuire moves to suppress the fruits of his cell-phone seizure based upon the Fourth Amendment and the "prolonged" period between seizing the phone and seeking a search warrant. The Ninth Circuit Court of Appeals has held that an "unreasonable delay between the seizure of a package and obtaining a search warrant may violate the defendant's Fourth Amendment rights. The touchstone is reasonableness." *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015). The reasonableness inquiry balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id*. (quotation omitted). Further, the inquiry looks to the "totality of the circumstances" and is "made on a case-by-case basis." *Id*. (quotation omitted).

## DISCUSSION

The relevant facts here are short and not disputed. On August 9, 2022, McGuire picked up a "replica" parcel from the post office that had been made to imitate a different parcel containing drugs that had already been seized by law

enforcement. After exiting the post office and being approached by Inspector Hess, McGuire showed Hess messages and images on his cell phone that tied McGuire to the parcel in question. At around noon, Inspector Hess seized McGuire's cell phone. Two days later, on August 11, 2022, at around 2:00 pm, the United States applied for warrants to search the phone as well as a backpack seized at the same time. The question presented is simply whether the government took too long – whether the two days between the seizure of McGuire's cell phone and the government's application for a warrant to search it violated the Fourth Amendment.

    The Court finds it did not. In fact, one can hardly imagine any scenario where the passage of a mere two days could be considered unreasonable *delay* when, as here, the underlying seizure was strongly supported by probable cause. It is perhaps for this reason that McGuire does not cite any case for the proposition that such an alleged delay is unreasonable. Instead, he cites *United States v. Place*, which involved a seizure that was *not* supported by probable cause, 462 U.S. 696, 709-710 (1983), and *United States v. Uu*, where the "delay" lasted *20* days, 293 F. Supp. 3d 1209, 1212-13, (D. Haw. 2017). Neither is, therefore, helpful here.

Instead, based upon the undisputed facts, the two-day period was reasonable. Apart from the clear probable cause supporting the seizure of the cell phone that even McGuire does not deny, there is no evidence of any actual delay, procrastination, or other dawdling on the part of Inspector Hess or any other pertinent member of the government.   Rather, at the hearing on the motion, Inspector Hess testified that, after seizing the cell phone, he needed to return the same, a backpack, and himself to his office, he needed to draft search warrant affidavits for both the phone and the backpack, he needed to submit the drafts to his supervisors and to the United States Attorney's Office for review and approval, and the approved versions then needed to be presented to the Court. Unsurprisingly, this case was not the only one to which Inspector Hess was assigned at the time, with other unidentified matters thus also requiring his attention.   The result of these various responsibilities was the passage of an afternoon (on August 9), a full day (on August 10), and a morning plus two hours (on August 11), before the government approached the Magistrate Judge with its warrant applications.   That is far from unreasonable.   The fact that the item at issue here was a cell phone, the deprivation of which McGuire contends is "drastic" in today's world, does not change the inquiry, particularly where there is no evidence that McGuire ever sought the return of the phone and where McGuire

4

has never identified a specific *legitimate* interest (or need) in the phone and/or the lack of an alternative means to carry out those unknown interests. *See Sullivan*, 797 F.3d at 633-634 (explaining that a defendant did not show a 21-day delay was unreasonable where, *inter alia*, he did not allege that the delay affected legitimate interests or that he sought return of the seized property).

## CONCLUSION

While McGuire may believe that a more perfect human may have applied for a search warrant in a speedier manner, the Fourth Amendment does not require such purported perfection. *See Sullivan*, 797 F.3d at 633 (explaining that the Fourth Amendment does not ask "whether the Government pursued the least intrusive course of action.") (quotation omitted). As a result, for the reasons set forth herein, the instant motion to suppress, Dkt. No. 46, is DENIED.

IT IS SO ORDERED.

DATED: June 23, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States v. McGuire,* Case No. 23-cr-00054-DKW; **ORDER DENYING DEFENDANT KAIPO KEOLA MCGUIRE'S MOTION TO SUPPRESS DUE TO PROLONGED SEIZURE OF ITEM (CELL PHONE)**